IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   12-cv-02190-WYD-KLM

KIRK A. RUSIN and
AMY S. RUSIN,

    Plaintiffs,

v.

I-FLOW, LLC (f/k/a I-Flow Corporation), a Delaware LLC;
DJO, LLC, a Delaware Corporation; and
DJO GLOBAL, INCORPORATED (f/k/a DJO, Incorporated), a Delaware Corporation,

    Defendant.

---

## ORDER OF REMAND

---

THIS MATTER is before the Court on the Notice of Removal (ECF No. 1), filed August 17, 2012.  By way of background, this is a product liability and personal injury action arising from injuries Plaintiff Kirk A. Rusin allegedly sustained as a result of "the continuous infusion of anesthetic drugs over time directly into Mr. Rusin's shoulder joint [via a pain pump] after his August 26, 2004 surgery . . . ."  (ECF No. 7, Compl. ¶ 42).

On August 17, 2012, Defendant I-Flow, LLC ("I-Flow") filed a notice of removal asserting that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(1).  I-Flow claims in the notice of removal that the amount in controversy requirement is satisfied.  Further, I-Flow asserts that while Plaintiffs are citizens of Colorado, Defendants I-Flow, DJO, LLC and DJO Global, Inc. are citizens of Delaware and California.

After carefully reviewing the pleadings, I find that this case must be remanded

based on the failure of I-Flow to show that the amount in controversy is satisfied.  The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal.  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  If the jurisdictional amount is not shown by the allegations of the complaint, "[t]he burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000].'"  *Laughlin*, 50 F.3d at 873 (quotation omitted).  In other words, the amount in controversy must be affirmatively established on the face of either the petition or notice of removal.  *Id*.  The removal statute is construed narrowly.  *Martin*, 251 F.3d at 1289.

In *McPhail v. Deere & Co.*, 529 F.3d 947 (10th Cir. 2008)[1], the Tenth Circuit outlined several methods that a removing defendant may use to satisfy its burden of proving jurisdictional facts by a preponderance of evidence.  However, a plaintiff "cannot avoid removal merely by declining to allege the jurisdictional amount," but in the absence of an explicit demand for more than the jurisdictional amount, defendant must show how much is in controversy through other means.  *Id.* at 955.  In other words, "the

---

[1] Unlike the instant action, *McPhail* was a wrongful death case.  Although plaintiff refused to stipulate that the amount in controversy exceeded $75,000, the complaint alleged that the decedent suffered severe and permanent injuries prior to death, and sought actual and punitive damages.  *Id.* at 955-56.  Further, plaintiff's counsel indicated in communications with opposing counsel that the amount in controversy "very well may be" in excess of $75,000.  *Id.* at 957.  The Tenth Circuit held that the allegations in the complaint coupled with the background information regarding discussions between counsel were sufficient to prove facts necessary to establish that the amount in controversy exceeded $75,000.  *Id.*

defendant must affirmatively establish jurisdiction by proving jurisdictional facts that made it possible that $75,000 was in play." *Id.*  A defendant may accomplish this through interrogatories obtained in state court prior to the removal, or affidavits or other evidence submitted to the federal court.  *Id.* at 956.

Here, turning to the Complaint, I find that the allegations do not show that the amount in controversy exceeds $75,000, as required to establish diversity jurisdiction. 28 U.S.C. § 1332(a)(1).   Although the Complaint describes Plaintiff's injuries as serious and asks for several categories of damages, the extent of the injuries is ambiguous on the Complaint's face.  While the various categories of damages could conceivably increase a potential recovery, I am unclear as to the amount the Plaintiff might recover because the amount in controversy of each damage category or injury is unknown.

Thus, I turn to the notice of removal.  The notice of removal merely states the following in relevant part:

> Plaintiffs seek a monetary judgment in excess of $100,000.  (See, e.g., District Court Civil Case Cover Sheet.)  In addition, it is apparent that Plaintiffs seek to recover more than $75,000 from Defendants in this action.  In the Complaint, Kirk A. Rusin claims that he suffers from a condition called glenohumeral chondrolysis, "which is the complete or nearly complete loss of cartilage in the shoulder joint, an irreversible, disabling, and extremely painful condition" and that he "has and will continue to have difficulty doing the most basic tasks of everyday living." (Complaint, ¶ 42.)  He further alleges that "he will require additional surgery, including possible shoulder transplants, joint replacements, insertion of an artificial shoulder and/or total shoulder replacements" and that his "daily life is consumed with the devastation of a destroyed shoulder and the prospects of a life of pain and medication." (Complaint, ¶ 42.)  He claims that he will "suffer lost income, loss of career options, a loss of enjoyment of life, and other damages." (Complaint, ¶ 42.)  Plaintiff, Amy S. Rusin, claims loss of consortium in relation to Kirk Rusin's alleged injuries.  (Complaint, ¶¶ 219-223.)  Based on these allegations and on the

>preliminary investigation conducted regarding Plaintiff's alleged injuries
>and treatment, I-Flow anticipates that Plaintiffs' alleged claims involve an
>amount in controversy greater than $75,000.

(ECF No. 1, Notice of Removal ¶ 12).  That paragraph is the only information in the notice of removal regarding the amount in controversy.[2]

Under *McPhail,* I-Flow may satisfy its burden "by [submitting] contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations; by reference to the plaintiff's information estimates or settlement demands; or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's damands." *McPhail*, 529 F.3d at 954.  General allegations are insufficent.  *Id.* at 955.  Here, I-Flow did not submit any of the supporting information outlined in *McPhail*.  Thus, rather than offer the Court any guidance about the possible amount of Plaintiff's recovery related to the requested damages, I-Flow is essentially asking me to speculate, without any evidence, that Plaintiff's damages will exceed $75,000.  Given the controlling law, this is improper as I cannot discern the amount in controversy based on the contents of both the Complaint and the notice of removal.  Therefore, I find that I-Flow has failed to meet its burden of affirmatively establishing the amount in controversy on the face of either the petition or the notice of removal.

Finally, I note that in the notice of removal, I-Flow mentions the Plaintiff's Civil

---

[2] Further undermining I-Flow's argument is its use of the phrase, "**anticipates** that Plaintiffs' alleged claims involve an amount in controversy greater than $75,000." (Notice of Removal ¶ 12) (emphasis added).  This equivocal statement fails to convince me by a preponderance of evidence that the amount in controversy exceeds $75,000.  *McPhail*, 529 F.3d at 954-55.

Cover Sheet as support for its jurisdictional argument. A number of cases from this Court have held that reliance solely on the Civil Cover Sheet filed in state court to establish the jurisdictional amount is insufficient, and I incorporate their reasoning herein. *See Baker v. Sears Holding Corp.*, No. 07-cv-01106-MSK-MEH, 2007 WL 2908434 at * 3-4 (D. Colo. 2007); *Ralph v. SNE Enterprises, Inc.*, No. 07-cv-01163-WDM-MJW, 2007 WL 1810534 at *1 (D. Colo. 2007); *Hardin v. Sentinel Ins. Co., Ltd.*, 490 F. Supp. 2d 1134, 1135-36 (D. Colo. 2007); *Bishelli v. State Farm Mut. Automobile Ins. Co.*, No. 07-cv-00385-WYD-MEH, 2007 WL 1455852 at *3 (D. Colo. 2007); *Dean v. Illinois Nat. Ins. Co.,* 07-cv-01030-MSK-MJW, 2007 WL 2937014 at *1 (D. Colo. 2007). Thus, I find that I-Flow's reference to the civil cover sheet is insufficient to satisfy the jurisdictional amount in controversy requirement. *See Valdez v. Byers*, 2009 WL 1440090 (D. Colo. May 20, 2009) (holding that both a plaintiff's settlement demand letter of $290,000.00 based on bodily injuries coupled with plaintiff's state court Civil Cover Sheet, which indicated that plaintiff was seeking more than $100,000.00 in damages, satisfied the jurisdictional amount in controversy requirement).

Guided by the strong presumption against removal of civil actions to federal court based on diversity jurisdiction and the fact that it appears that the Court lacks subject matter jurisdiction over this action, I find that this matter must be remanded to the state court. *See* 28 U.S.C. § 1447(c). Accordingly, it is

ORDERED that the Clerk of Court is directed to **REMAND** this action to the Denver County, District Court from which the case was removed.

Dated: August 24, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge